E-FILED
Monday, 19 July, 2010 10:08:10 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRAULIO B. GUADARRAMA,
        Plaintiff,

vs.                                                    10-1180

MICHAEL PUISIS, et al.
        Defendants.

MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff has filed his complaint pursuant to 42 U.S.C.§1983 against four defendants from the Illinois River Correctional Center including Medical Diretor Michael Puisis, Dr. Castrovillo, Dr. Awada and Nurse Sanders. The plaintiff claims the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition on two occasions.

The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated his constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id.*

The second prong of the test requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inadequate medical treatment due to negligence or even gross negligence does not support a constitutional violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997)

The plaintiff says in November of 2009, he fell from his bunk and "fractured his right shoulder." (Comp, p. 5) The plaintiff says when he was seen in the medical department, they only provided him pain medication. The plaintiff says he went to sick call over an over again, but the doctors refused to approve an M.R.I or to approve a visit with a chiropracter. The plaintiff says the defendants simply provided pain medication and told him there was no

1

evidence of a break or dislocation.

The plaintiff has attached medical records to his complaint which show that he did receive medical care.  An X-ray was done and revealed that the plaintiff did not break any bones.

The plaintiff has failed to state a violation of his constitutional rights.  The plaintiff's own attachments demonstrate that he did not fracture his shoulder and disagreement with the course of his medical treatment does not state an Eighth Amendment claim. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir.2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001).

The plaintiff also claims he was denied appropriate dental care.  The plaintiff says he was lifting weights on May 2, 2010 when a basketball hit him in the face and broke a tooth.  The plaintiff says the dentist was not immediately available, so he was provided pain medication until he could see the dentist the next day.  The plaintiff says the dentist removed two teeth, but he has refused to provide the plaintiff with replacement teeth.  The plaintiff says he repeatedly filed medical requests to see the dentist, but each time he was told that he would not be receiving replacement teeth.  The plaintiff does not claim he suffered in pain or was unable to eat or suffered any other problems after the two teeth were pulled.  He appears to be claiming he needed the teeth for cosmetic reasons.  This is not a violation of the Eighth Amendment.  This case is dismissed.

The court also notes that the plaintiff chose to file this complaint on June 9, 2010.  The court finds it extremely unlikely that the plaintiff could not have fully exhausted his administrative remedies for this claim by filing a grievance, receiving a response and appealing that grievance to the Administrative Review Board.

**IT IS THEREFORE ORDERED:**

   1)     **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs.**

   2)     **The court notes that the plaintiff has been released from custody since he filed this complaint.  However, the plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.**

   3)      **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

   4)     **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

2

Entered this 19th day of July, 2010.

**\s\Harold A. Baker**
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE